IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-20-FL-1
No. 4:15-CV-164-FL

DEVONNE LAMAR MOORE,           )
                               )
            Petitioner,        )
                               )
     v.                        )           ORDER
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 109), which challenges his designation as a "career offender" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 in light of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 118). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On February 15, 2012, petitioner was charged in an indictment with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846 ("Count One"); distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"); and aiding and abetting in the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Three"). Petitioner entered into a written plea agreement on June 12, 2012, pleading guilty to Count

One of the indictment, with assurance that Count Two and Count Three would be dismissed at sentencing.

As a condition of his plea, petitioner waived his appellate rights and collateral-attack rights. In particular, petitioner waived

> the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one brought pursuant to § 2255, excepting an appeal or motion based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea.

(DE 56 at 2).

Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which described in detail petitioner's background, including his criminal history. Based on the nature of petitioner's offense and criminal history, the PSR recommended application of the "career offender" enhancement, U.S.S.G. § 4B1.1, which, in turn, increased petitioner's advisory sentencing range. To support its recommendation, the PSR concluded that petitioner had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," § 4B1.1(a), specifically a November 2001 conviction for malicious use of an explosive and an April 2002 conviction for common law robbery, both in violation of North Carolina law.

Petitioner was sentenced to 146 months imprisonment on February 5, 2013, within the 20-year statutory maximum allowed for petitioner's offense of conviction. 21 U.S.C. § 841(b)(1). At sentencing, the court adopted the PSR's recommendation and enhanced petitioner's sentence using the career offender enhancement, finding that the prior convictions highlighted in the PSR were

2

"crimes of violence" because they "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The court's judgment entered the same day. Petitioner did not appeal his conviction or sentence.

Petitioner's case was settled until June 26, 2015, when the Supreme Court decided Johnson v. United States. Johnson held unconstitutional in part the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). The ACCA subjects a defendant to a 15-year mandatory minimum sentence where he previously has been convicted of three "violent felonies" or "series drug offenses." 18 U.S.C. § 924(e)(1). In Johnson, the Court found part of the ACCA's definition of "violent felony," the "residual clause," unconstitutionally vague. Johnson, 135 S. Ct. at 2557–58. The residual clause defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). Later, the Court held that Johnson was retroactive to cases on collateral review. Welch v. United States, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).

Petitioner filed the instant motion to vacate on October 19, 2015. Petitioner relies on Johnson and argues that the career offender enhancement's identically worded residual clause, under which his sentence was enhanced, is unconstitutionally vague. See generally U.S.S.G. § 4B1.2(a)(2). According to petitioner, because the career offender enhancement's residual clause is unconstitutionally vague, and because the crimes that triggered application of the career offender enhancement in his case were "crimes of violence" only by virtue of that clause, his sentence is unconstitutional and he must be resentenced. On January 4, 2016, the government filed its motion to dismiss. The government argues that Johnson offers petitioner no relief here, because he entered into a valid waiver of his collateral-attack rights.

## COURT'S DISCUSSION

A.    Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.    Analysis

Petitioner's motion to vacate must be dismissed. Even if <u>Johnson</u> renders unconstitutionally vague the career offender enhancement's residual clause, U.S.S.G. § 4B1.2(a)(2), petitioner cannot circumvent his valid collateral-attack waiver in this case, because his sentence is neither in excess of the applicable statutory maximum nor inconsistent with constitutional principles as they were understood at the time of his sentencing.

Plea negotiations and the plea agreement are central to the American criminal justice system. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977); <u>accord</u> <u>Santobello v. New York</u>, 404 U.S. 257, 260–61 (1971); <u>Brady v. United States</u>, 397 U.S. 742, 751–52 (1970). The plea process, if properly administered, stands to benefit not only the defendant and government, but also the courts and

4

society.  See Blackledge, 431 U.S. at 71.  It provides all interested parties certainty in the case's outcome, unlike a trial; conserves scarce judicial resources; and affords the public a measure of security.  Id.

To ensure those benefits remain undisturbed by future developments, guilty pleas typically "are accorded a great measure of finality."  Id.  The consequential advantages of plea bargaining are put asunder when a defendant later successfully challenges his sentence either on appeal or on collateral attack.  Id.  Thus, to ensure the certitude of a properly executed plea agreement, prosecutors routinely secure waivers of appeal and collateral-attack rights as a term of the agreement.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  Courts generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them.  Id.; United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

Petitioner does not challenge his plea waivers as unknowing or involuntary.  Rather, he contends that his Johnson claim falls beyond the scope of his collateral-attack waiver.  See Lemaster, 403 F.3d at 220 n.2; see also United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  In Marin, the Fourth Circuit observed that a valid waiver of appeal and collateral-attack rights does not give the district court boundless discretion in imposing a sentence and that certain fundamental defects or errors fall into a class of claims that lie beyond the scope of any waiver.  Id.  That class of claims can be divided into two camps: claims that the petitioner's sentence either was "illegal," that is, in excess of the maximum penalty authorized by statute, or constitutionally impermissible, that is, inconsistent with the constitution as it was understood at the time of sentencing.  See id.; United States v. Blick, 408 F.3d 162, 172–73 (4th Cir. 2005).  Such claims survive even a knowing and voluntary waiver because they represent "errors

5

that the [petitioner] could not have reasonably contemplated when the plea agreement[] w[as] executed." Id. at 172.

Assuming that Johnson rendered unconstitutional the career offender enhancement's residual clause (as it did the ACCA's identically-worded counterpart), petitioner's claim still fails. Johnson claims fall into neither of those two camps; thus, petitioner's motion to vacate is barred by his collateral-attack waiver. Petitioner's sentence hardly is "illegal." In fact, at just over 12 years, it is well within the 20-year maximum authorized by statute. See 21 U.S.C. § 841(b)(1). Moreover, although petitioner should not have been sentenced as a career offender; "incorrect application of the [G]uidelines" is not a sufficient reason to set aside a collateral-attack waiver. United States v. Brown, 232 F.3d 399, 404 (4th Cir. 2000) (holding incorrect application of career offender enhancement did not fall outside the scope of valid appeal waiver). That is so irrespective of whether the advisory Guidelines were erroneously applied at the time of sentencing, see id., or later were revealed to have been erroneously applied in the wake of a change in sentencing law. See United States v. Copeland, 707 F.3d 522, 529 (4th Cir. 2013).

Nor is petitioner's sentence constitutionally impermissible. A sentence may be challenged as constitutionally impermissible where it is imposed in violation of constitutional principles as they were understood at the time of sentencing. See Blick, 408 F.3d at 171–73. A post-sentencing change in constitutional landscape is not a sufficient basis upon which to set aside a valid collateral-attack waiver. See id. In other words, even though petitioner was sentenced under a provision later found to be unconstitutionally vague, that after-the-fact change in the federal sentencing system does not support petitioner's attempt to circumvent his otherwise valid, bargained-for collateral-attack waiver.

6

Petitioner argues that his collateral-attack waiver should be set aside because he could not have "reasonably contemplated" the constitutional error brought to light by Johnson at the time he was sentenced. But, petitioner's definition of his "reasonable contemplation" is unnecessarily broad. The question is not whether petitioner could have reasonably contemplated a favorable post-sentencing change in the law at the time he entered into his plea agreement. See United States v. Archie, 771 F.3d 217, 222–23 (4th Cir. 2014) "A plea agreement, like any contract, allocates risk. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." Id. at 222 (internal alterations, citations, and quotations omitted).

As the Fourth Circuit made clear in Blick, an error is one that cannot be "reasonably contemplated" only where it results in a penalty in excess of the applicable statutory maximum or a sentence in violation of the constitution, as it is understood at the time of sentencing. See 408 F.3d 171–73; see also Archie, 771 F.3d at 223 ("Clearly, the rationale underlying [Marin and its progeny] is absent when the alleged error stems from a subsequent change in the law and not a failure by the court to apply the established law at the time of sentencing."). The court confirmed the narrow scope of these exceptions in Archie, where it stated that it has "never permitted a criminal defendant to avoid a valid and applicable . . . waiver by claiming error based on a subsequent change in the law." Id.

In sum, petitioner's motion to vacate is barred by his valid collateral-attack waiver. Although petitioner contends his sentence falls outside the scope of that waiver, since the court applied the career offender enhancement's now-unconstitutional residual clause, that argument is without merit. Petitioner's sentence came as no surprise. Indeed, petitioner was sentenced in precisely the manner he anticipated. See Blick, 408 F.3d at 173. "[A]t the time he entered the plea

agreement, both [petitioner] and the United States expressly contemplated and agreed that he would be sentenced in exactly the manner in which he was, in fact, sentenced," under that version of the advisory Guidelines allowing use of the career offender enhancement's residual clause. Id. Had petitioner desired to retain the right to raise a Johnson claim, or any other claim, on collateral attack "he could have opted not to agree to the [collateral-attack] waiver." Id.; see also id. n.14.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 109) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 118). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

8